UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIDVALE INDEMNITY COMPANY, a Wisconsin stock insurance corporation,<br><br>Plaintiff,<br><br>v.<br><br>AL LANDSCAPING LLC, a Washington limited liability company; ANGEL LOPEZ, a Washington resident; and JEFF SBAIH, a Washington resident,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## I.   PARTIES

1.   Plaintiff Midvale Indemnity Company ("Midvale") is a Wisconsin stock insurance corporation with its principal place of business in Madison, Wisconsin.

2.   Defendant AL Landscaping LLC ("AL Landscaping") is a Washington limited liability company with its principal place of business in King County, Washington.

3.   Defendant Angel Lopez is an individual that resides in King County, Washington, and is the governing member of AL Landscaping.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

4. Upon information and belief, Defendant Jeff Sbaih is an individual that resides in King County, Washington.

## II. VENUE AND JURISDICTION

5. The U.S. District Court in the Western District of Washington has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties, and based on information and belief, the amount in controversy exceeds $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in King County, Washington.

## III. FACTS

**A. The Underlying Lawsuit**

7. On or about February 16, 2021, Sbaih filed a lawsuit against AL Landscaping and Lopez, which is captioned as *Jeff Sbaih v. AL Landscaping LLC, et al.*, King County Superior Court, Case No. 21-2-02096-4 SEA (the "Underlying Lawsuit). Attached hereto as **Exhibit A** is a copy of the Complaint filed in the Underlying Lawsuit.

8. According to the Complaint in the Underlying Lawsuit, Sbaih alleges that he entered into a contract with the AL Landscaping to install a driveway extension and retaining wall at Sbaih's property located at 6510 47th Ave SW, Seattle, Washington.

9. Sbaih alleges that AL Landscaping completed work by July 24, 2020.

10. Sbaih alleges that AL Landscaping improperly and incorrectly built the driveway extension and retaining wall.

11. The Complaint in the Underlying Lawsuit seeks an award of $20,434.56 and $50,742.34, which is pled as the cost to fix the driveway extension and retaining wall, respectively.

12. There are no allegations in the Underlying Lawsuit that Sbaih sustained any bodily injury.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

13. The Complaint in the Underlying Lawsuit does not allege damage to any part of Sbaih's property, other than the driveway extension and retaining wall that AL Landscaping constructed.

14. There is no allegation in the Underlying Lawsuit that the driveway extension or retaining wall damaged any other portion of Sbaih's property.

15. Sbaih alleges causes of action in the Underlying Lawsuit for negligence, breach of contract, and violations of Washington's Consumer Protection Act ("CPA").

16. In addition to an award against AL Landscaping for $20,434.56 and $50,742.34 to fix the driveway extension and retaining wall, respectively, Sbaih seeks treble damages and an award of attorney fees and costs in the Underlying Lawsuit.

**B.     The Policy**

17. Midvale issued Commercial General Liability Policy No. GLP1072362 to AL Landscaping with policy period of April 17, 2020 to April 17, 2021 (the "Policy"). Attached hereto as **Exhibit B** is a copy of the Policy.

18. The commercial general liability coverage to the Policy contains the following language:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

COMPLAINT FOR DECLARATORY JUDGMENT - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

      **(1)** The amount we will pay for damages is limited as described in Paragraph D. Liability And Medical Expenses Limits Of Insurance in Section II – Liability; and

      **(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

  **b.** This insurance applies:

      **(1)** To "bodily injury" and "property damage" only if:

          **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

\* \* \*

19. The Policy contains definitions for certain terms, such as the following:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.
Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

  **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

   * * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

   * * *

16. "Products-completed operations hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1) Products that are still in your physical possession; or

      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

         (a) When all of the work called for in your contract has been completed.

         (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

         (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   b. Does not include "bodily injury" or "property damage" arising out of:

COMPLAINT FOR DECLARATORY JUDGMENT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

       **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

       **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

       **(3)** Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

\* \* \*

**21.** "Your product":

    **a.** Means:

       **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

         **(a)** You;

         **(b)** Others trading under your name; or

         **(c)** A person or organization whose business or assets you have acquired; and

       **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

       **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

COMPLAINT FOR DECLARATORY JUDGMENT - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

        **(2)** The providing of or failure to provide warnings or instructions.

    **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)** The providing of or failure to provide warnings or instructions.

20. Coverage under the above Policy language is subject to certain exclusions contained in the Policy, which provides as follows:

    **B.**    **Exclusions**

    This insurance does not apply to:

        \* \* \*

    **j.**   **Damage To Property**

    "Property damage" to:

        **(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

        **(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

        **(3)** Property loaned to you;

COMPLAINT FOR DECLARATORY JUDGMENT - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

        **(4)** Personal property in the care, custody or control of the insured;

        **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

        **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

  **k.**  **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

  **l.**  **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".

COMPLAINT FOR DECLARATORY JUDGMENT - 8

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

COMPLAINT FOR DECLARATORY JUDGMENT - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

21.     The Policy also contains an endorsement that provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**WASHINGTON CHANGES – DEFENSE COSTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The provisions of Paragraph B. are added to all Insuring Agreements that set forth a duty to defend under:

**1.** Section I of the Commercial General Liability, Commercial Liability Umbrella, Electronic Data Liability, Farm, Liquor Liability, Owners And Contractors Protective Liability, Pollution Liability, Products/Completed Operations Liability, Product Withdrawal, Medical Professional Liability, Railroad Protective Liability and Underground Storage Tank Coverage Parts, Auto Dealers Coverage Form and the Farm Umbrella Liability Policy;

* * *

**B.** If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

22.     Midvale agreed to provide defense coverage to AL Landscaping and Lopez under a full reservation of rights.  Attached hereto as **Exhibit C** is a copy of Midvale's Letter to AL Landscaping and Loped dated May 18, 2021.

COMPLAINT FOR DECLARATORY JUDGMENT - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

## IV.   FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT – "OCCURRENCE"

23. Midvale realleges each of the allegations contained in Paragraphs 1 through 22 as fully set forth herein.

24. The Policy provides coverage for covered damages arising out of an "occurrence," which is defined by the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

25. The Underlying Lawsuit does not allege damages caused by an "occurrence."

26. Midvale is entitled to declaratory judgment that there is no coverage under the Policy for the allegations in the Underlying Lawsuit because no "occurrence" is alleged.

## V.   SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT – "PROPERTY DAMAGE"

27. Midvale realleges each of the allegations contained in Paragraphs 1 through 26 as fully set forth herein.

28. The Policy provides coverage for "property damage," which is defined by the Policy as "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured."

29. The Underlying Lawsuit does not allege "property damage" as defined by the Policy.

30. Midvale is entitled to declaratory judgment that there is no coverage under the Policy for the allegations in the Underlying Lawsuit because there is no alleged "property damage."

## VI.   THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT – "DAMAGE TO PROPERTY" EXCLUSION

31. Midvale realleges each of the allegations contained in Paragraphs 1 through 30 as fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT - 11

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

32. The Policy excludes coverage for claims seeking "property damage" to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations."

33. The damages alleged in the Underlying Lawsuit are solely for repairs to the portions of Sbaih's property that AL Landscaping performed operations.

34. The "Damage to Property" exclusion applies to all claims in the Underlying Lawsuit.

35. Midvale is entitled to declaratory judgment that there is no coverage under the Policy for the allegations in the Underlying Lawsuit because they all fall under the "Damage to Property" exclusion.

## VII.   FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT – "DAMAGE TO YOUR WORK" EXCLUSION

36. Midvale realleges each of the allegations contained in Paragraphs 1 through 35 as fully set forth herein.

37. The Policy excludes coverage for claims seeking "property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard."

38. There are no allegations that any of AL Landscaping's work at Sbaih's property was performed by a subcontractor of AL Landscaping.

39. The "products-completed operations hazard" applies to the claims in the Underlying Lawsuit because the alleged damages occurred away from premises AL Landscaping owned or rented and arises out of "your product" or "your work."

40. The term "your product" includes "any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by" AL Landscaping.

COMPLAINT FOR DECLARATORY JUDGMENT - 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

41. The term "your work" includes "work or operations performed by you or on your behalf" and also includes all "materials, parts or equipment furnished in connection with such work or operations."

42. The damages alleged in the Underlying Lawsuit are solely for repairs to "your work" performed by AL Landscaping at Sbaih's property.

43. Midvale is entitled to declaratory judgment that there is no coverage under the Policy for the alleged damages in the Underlying Lawsuit under the "Damage to Your Work" exclusion.

## VIII. FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT – "IMPAIRED PROPERTY" EXCLUSION

44. Midvale realleges each of the allegations contained in Paragraphs 1 through 43 as fully set forth herein.

45. The Policy excludes coverage for claims seeking "property damage" to 'impaired property' or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work.'"

46. To the extent that the Underlying Lawsuit seeks damages that fall under the "impaired property" exclusion, there is no coverage under the Policy.

47. Midvale is entitled to declaratory judgment that there is no coverage under the Policy for those allegations in the Underlying Lawsuit that fall under the "impaired property" exclusion.

## IX. SIXTH CAUSE OF ACTION: DECLARATORY JUDGMENT – REIMBURSEMENT OF DEFENSE COSTS

48. Midvale realleges each of the allegations contained in Paragraphs 1 through 47 as fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT - 13

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

49. The Policy contains an endorsement that allows Midvale to recover defense costs incurred in the defense of an insured if Midvale initially defends an insured but later determines that none of the claims are covered under the Policy.

50. If the Court finds that there is no coverage for all claims in the Underlying Lawsuit under the Policy, Midvale is entitled to declaratory judgment that it may seek reimbursement of defense costs incurred by Midvale following the issuance of its reservation of rights letter dated May 18, 2021.

51. A justiciable controversy exists between Midvale and AL Landscaping and Lopez with respect to their duties and obligations under the Policy regarding defense and indemnity coverage for the alleged damages sought by Sbaih in the Underlying Lawsuit.

52. As a result, declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## X.   PRAYER FOR RELIEF

Midvale prays for the following relief:

1. Declaratory judgment that it owes no duty to defend and/or indemnify AL Landscaping and/or Lopez from the claims alleged in the Underlying Lawsuit under one or more of the Counts alleged herein;
2. For attorneys' fees and costs allowed by statute and/or applicable law;
3. For an award against AL Landscaping and/or Lopez for defense costs incurred by Midvale in the Underlying Lawsuit; and
4. Such other and further relief as the Court deems just and equitable.

COMPLAINT FOR DECLARATORY JUDGMENT - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2

1  DATED this 15th day of June, 2021.

*s/ Eliot M. Harris*
Eliot M. Harris, WSBA # 36590
*s/ Miles J. M. Stewart*
Miles J. M. Stewart, WSBA # 46067
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel:   (206) 628-6600
Fax:   (206) 628-6611
Email: eharris@williamskastner.com
         mstewart@williamskastner.com

*Attorneys for Plaintiff*
*Midvale Indemnity Company*

COMPLAINT FOR DECLARATORY JUDGMENT - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7397291.2